| | |
|---|---|
| JOHN C. HUESTON (SBN 164921) | CHRISTI HOGIN (SBN 138649) |
| jhueston@hueston.com | City Attorney, City of Malibu |
| MARSHALL A. CAMP (SBN 231389) | TREVOR RUSIN (SBN 241940) |
| mcamp@hueston.com | SHAHIEDAH COATES (SBN 258565) |
| PADRAIC W. FORAN (SBN 268278) | JENKINS & HOGIN, LLP |
| pforan@hueston.com | 1230 Rosecrans Avenue, Suite 110 |
| HUESTON HENNIGAN LLP | Manhattan Beach, CA 90266 |
| 523 West 6th Street, Suite 400 | Telephone:  (310) 643-8448 |
| Los Angeles, CA 90014 | Facsimile:   (310) 643-8441 |
| Telephone:  (213) 788-4340 | |
| Facsimile:  (888) 775-0898 | Attorneys for Defendant |
| | CITY OF MALIBU |
| DAVID P. WAITE (SBN 129916) | |
| dwaite@coxcastle.com | JAMES C. HARRISON (SBN 161958) |
| ALEXANDER M. DEGOOD | THOMAS A. WILLIS (SBN 160989) |
| (SBN 249509) | twillis@rjp.com |
| adegood@coxcastle.com | REMCHO, JOHANSEN & PURCELL, LLP |
| COX, CASTLE & NICHOLSON LLP | 201 Dolores Avenue |
| 2029 Century Park East, Suite 2100 | San Leandro, CA 94577 |
| Los Angeles, CA 90067 | Telephone:  (510) 346-6200 |
| Telephone: (310) 284-2200 | Facsimile:   (510) 346-6201 |
| Facsimile: (310) 284-2100 | |
| Attorneys for Plaintiffs | Attorneys for Proposed Intervenors |
| THE PARK AT CROSS CREEK, LLC and | DRU ANN DIXON-JACOBSON, CAROL |
| MALIBU BAY COMPANY | MOSS, AND MICHELE REINER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE PARK AT CROSS CREEK, LLC and MALIBU BAY COMPANY, | Case No. 2:15-cv-00033-JAK (SHx) |
| | Complaint served: January 5, 2015 |
| Plaintiffs, | |
| vs. | **JOINT RULE 16(b)/26(f) REPORT** |
| CITY OF MALIBU, A MUNICIPAL CORPORATION, and Does 1-10, | [Assigned To: the Hon. John A. Kronstadt] |
| Defendants. | Date:        April 6, 2015 |
| | Time:        8:30 a.m. |
| | Courtroom:  750 |

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiffs The Park at Cross Creek, LLC (PCC) and the Malibu Bay Company (MBC) met and conferred with counsel for Defendant City of Malibu and counsel for Proposed Intervenors Dru Ann Dixon-Jacobson, Carol Moss, and Michele Reiner (the "Intervenors") on March 6, 2015. The parties submit this report pursuant to Fed. R. Civ. P. 16(b) and 26(f).

### A. Statement of the Case

In November 2014, Malibu voters approved "Measure R," a land-use ballot initiative. Measure R has two main components. The first component requires developers of new commercial or mixed-use developments of 20,000 square feet or more to prepare a "specific plan," which is subject to voter approval. The second component limits "formula retail establishments" (chain stores) to 30% of a shopping center, measured either by total square footage or by total tenant spaces.[1] Certain tenant spaces in existing commercial properties in the Malibu Civic Center are exempt from this 30% limit. Measure R also requires that all nonexempt new, relocating, or expanding formula retail establishments obtain a nontransferable conditional use permit (CUP). Measure R contains nine categories of stores that are also exempt from the retail formula limits: grocery stores, drug stores/pharmacies, gas stations, banks and financial services, real estate, movie theaters, postal services, medical offices, and low-cost overnight accommodation. These stores, however, count toward the 30% cap for new shopping centers.

Plaintiffs are property developers who seek entitlements for commercial development projects that are subject to each of Measure R's two components. Plaintiffs bring claims against the City of Malibu and Does 1-10 asserting a facial

---

[1] Measure R defines "formula retail" as any business for which there are ten or more stores worldwide that share two or more specified features, such as common color scheme, décor, layout, signage or trademarks, and merchandise or menus.

challenge to Measure R. Intervenors are the proponents of Measure R. Plaintiffs assert nine claims:

(1) that Measure R discriminates against out-of-state businesses and interstate commerce in violation of the dormant Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3;

(2) that Measure R places an excessive burden on interstate commerce in violation of the dormant Commerce Clause;

(3) that Measure R treats existing shopping centers in the Malibu Civic Center unequally from other shopping centers in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

(4) that Measure R is arbitrary, discriminatory, without standards, and without an appropriate legislative purpose in substantive violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution;

(5) that Measure R concerns multiple subjects in violation of art. II, § 8(d) of the California Constitution, which requires that ballot initiatives be limited to a single subject;

(6) that Measure R subjects "administrative acts," such as approval of variances and use permits, to public vote in violation of California law;

(7) that Measure R creates CUPs that are specific to the tenant and do not run with the land, in violation of California law;

(8) that Measure R violates the equal protection clause of the California Constitution; and

(9) that Measure R violates the due process clause of the California Constitution.

**B.     Subject matter jurisdiction**

This case presents federal questions arising under the Commerce, Equal Protection and Due Process Clauses of the U.S. Constitution (art. I, § 8, cl.3; amend.

XIV, § 1) and 42 U.S.C. § 1983. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3).

This case further presents questions arising under the California Constitution and California case and statutory law. Plaintiffs contend that these claims based in California law arise out of the same action and are part of the same case or controversy as the federal claims, and, on that basis, contend that this Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367.

**C.     Legal issues**

Currently pending are the City of Malibu's Motion to dismiss (Dkt. 14), Intervenors' motion to dismiss (Dkt. 19-1), and the City of Malibu's motion for abstention (Dkt. 15), which Intervenors have joined.

Because Plaintiffs are bringing facial challenges to Measure R, the parties expect the scope of factual disputes to be limited.

At this time, the parties do not anticipate particularly difficult procedural or evidentiary issues.

**D.     Parties and Non-Party Witnesses**

Plaintiffs

> The Park at Cross Creek, LLC
> The Malibu Bay Company

Defendants

> The City of Malibu, a municipal corporation
> Does 1-10: Plaintiffs are unaware of the true names or identities of these defendants. Plaintiffs believe these defendants took actions that harmed Plaintiffs, as alleged in the complaint, and were agents or employees of the City of Malibu and were acting in the scope of that relationship at the time the acts were committed. Plaintiffs seek leave of the Court to amend their complaint when Plaintiffs learn these defendants' true names and capacities.

Intervenors

> Dru Ann Dixon-Jacobson

Carol Moss
Michele Reiner

Percipient Witnesses

*Plaintiffs' identified percipient witnesses:*

Dru Ann Dixon-Jacobson
Carol Moss
Michele Reiner
Rob Reiner
Jamestown LP
Jae Flora Katz
Representatives of RALLY
John Mazza
City of Malibu consultant who is preparing its Civic Center design
    guidelines and/or Civic Center Specific Plan
David Reznick
Steven Soboroff
Stanley Hoffman
Lloyd Zola
Jay Luchs
Michael Heslov

In light of the fact that discovery has not yet begun and there are pending motions to dismiss, Plaintiffs reserve the right to supplement or otherwise modify this witness list.

*Defendants' identified percipient witnesses:* None. In light of the fact that discovery has not yet begun and there are pending motions to dismiss, the City reserves the right to modify its witness list. Also, with respect to expert witnesses, the City would seek discovery in connection with any expert witnesses identified by Plaintiffs and may offer its own witnesses in response.

*Defendant-Intervenors' identified percipient witnesses:* None. However, if Plaintiffs obtain discovery from Intervenors, Intervenors plan to seek discovery from Plaintiffs' executives and principals including David Reznick and Steven Soboroff.

Moroever, like the City, intervenors reserve their right to modify this witness list.

### E. Damages

Plaintiffs seek only declarative and injunctive relief, as well as costs and expenses, including attorneys' fees.

### F. Insurance

The parties do not believe that insurance coverage is relevant to the matters before the Court.

### G. Motions

At this time, the parties do not expect to move to add other parties or claims, to file amended pleadings (with the possible exception of any claims the Court may dismiss subject to the pending motions to dismiss or dismiss or stay in response to the City's motion for abstention), or to transfer venue.

### H. Manual for Complex Litigation

The parties agree that the procedures in the Manual for Complex Litigation are not necessary.

### I. Status of Discovery

Discovery has not yet begun and no discovery has been completed.

### J. Discovery Plan

This case concerns a facial challenge. The parties expect discovery to be narrow and focused. Plaintiffs expect that disputed facts will include the impact of Measure R on interstate commerce, the existence of reasonable nondiscriminatory alternatives, and the purpose of Measure R.

At this point in the case, no discovery has been propounded. The outcome of the pending motion to dismiss will affect the timing and scope of discovery; however, the discovery topics the parties have addressed in conference are specified below. At this time, the parties do not believe that phased discovery is necessary, nor

do they yet anticipate needing relief from the deposition and interrogatory limits under the Federal Rules of Civil Procedure.

### Anticipated Deponents and Date for Completion of Depositions

Plaintiffs expect to depose percipient witnesses, including any identified in the future or through discovery, as well as any expert witnesses disclosed by the City and Intervenors.

The City does not expect to depose any witnesses other than expert witnesses disclosed by Plaintiffs.

Intervenors expect to depose Plaintiffs' executives and principals only if Plaintiffs seek to depose Intervenors.

The parties propose that all depositions be completed within the proposed discovery schedule submitted herewith as Exhibit A.

### Anticipated Written Discovery Requests

Plaintiffs expect to issue written discovery requests, including requests for admission, documents requests and interrogatories. Plaintiffs plan to seek written discovery of the City of Malibu's records and files relating to Measure R; written discovery of the City of Malibu's records and files relating to its earlier formula retail ordinance; written discovery of statements made by proponents of Measure R at City Council meetings and elsewhere; and written discovery of the alleged agreement between the proponents of Measure R and owners of the exempt Civic Center properties. The City and Intervenors may object to Plaintiffs' proposed written discovery on the bases of relevance and legislative and First Amendment privileges and, to the extent that Plaintiffs seek material that is readily available to them on the City's website, on the ground that it is equally available to the parties. The parties may have a dispute with respect to the City's and Intervenors' objections.

Intervenors do not currently anticipate issuing written discovery but reserve their right to do so.

JOINT RULE 16(b)/26(f) REPORT

Schedule for Completion of All Discovery

Plaintiffs propose concluding non-expert discovery and expert discovery by the dates set forth in the proposed discovery schedule submitted herewith as Exhibit A.

Subjects of Discovery

The parties expect that expert testimony will be necessary. Plaintiffs expect to designate expert witnesses to testify as to Measure R's discriminatory effect on Malibu's retail market. The City and Intervenors expect to offer rebuttal experts to respond to Plaintiffs' experts, but have not identified any other topics on which they expect to offer expert testimony.

**K.   Proposed Discovery Cut-Off Date**

The parties' proposed fact discovery cut-off dates are set forth in the proposed discovery schedule submitted herewith as Exhibit A.

**L.   Expert discovery**

The parties' proposed expert discovery disclosure and discovery cut-off dates are set forth in the proposed discovery schedule submitted herewith as Exhibit A.

**M.   Dispositive motions**

Motions to dismiss are pending.

Plaintiffs believe that judgment on the pleadings may be proper.

It is possible that this case could be amenable to resolution on cross-motions for summary judgment. The parties expect that the trial schedule will call for motions for summary judgment to be filed near the end of 2015.

**N.   Settlement**

The parties agree that, because Measure R is a popularly enacted ballot initiative that cannot be unilaterally modified or rescinded by the City or Intervenors, it is unlikely that this case will be amenable to settlement.

### O. Trial Estimate

The parties agree that trial will be by the Court.

Plaintiffs estimate that the trial will take approximately three to four court days. Defendants estimate that the trial will take one court day.

Plaintiffs expect to call 8 to 10 witnesses, including expert witnesses.

The City expects to call no witnesses.

Intervenors expects to call no witnesses at this time, and suggests that all or most of the trial could proceed through declarations and stipulated facts.

### P. Trial counsel

Plaintiffs

> *Hueston Hennigan LLP*
> John C. Hueston (lead trial counsel)
> Marshall A. Camp
> Padraic W. Foran
>
> *Cox, Castle & Nicholson LLP*
> David P. Waite
> Alexander M. DeGood

Defendants

> *Jenkins & Hogin, LLP*
> Christi Hogin, City Attorney, City of Malibu (lead trial counsel)
> Trevor Rusin
> Shahiedah Coates

Intervenors

> *Remcho, Johansen & Purcell, LLP*
> James C. Harrison (lead trial counsel)
> Thomas A. Willis

### Q. Independent Expert or Master

The parties agree this is not a case that requires appointment of a Master or an independent scientific expert.

**R.     Timetable**

The parties' proposed timetable is set forth in the proposed discovery schedule submitted herewith as Exhibit A.

**S.     Other issues**

At this time, the parties do not believe any issues affect the status or management of the case other than those set forth in this Report.

**T.     Patent Cases**

This section does not apply to this case.

**U.     Do the parties wish to have a Magistrate Judge preside?**

Plaintiffs do not wish to have a Magistrate Judge preside over this action.

DATED:  March 27, 2015          Respectfully submitted,

HUESTON HENNIGAN LLP
John C. Hueston
Marshall Camp
Padraic W. Foran

By:     */s/ Padraic W. Foran*
          Padraic W. Foran

COX, CASTLE & NICHOLSON
David P. Waite
Alexander M. DeGood

*Counsel for Plaintiffs*
THE PARK AT CROSS CREEK LLC

MALIBU BAY COMPANY

JENKINS & HOGIN, LLP
Christi Hogin, City Attorney, City of Malibu
Trevor Rusin
Shahiedah Coates

By: /s/ Christi Hogin
Christi Hogin, City Attorney
JENKINS & HOGIN, LLP
*Counsel for Defendant*
City of Malibu

REMCHO, JOHANSEN
& PURCELL, LLP
James C. Harrison
Thomas A. Willis

By: */s/ Thomas A. Willis*
Thomas A. Willis
*Counsel for Proposed Intervenors*
Dru Ann Dixon-Jacobson, Carol Moss,
and Michele Reiner